# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ANTHONY C. GARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:12-CV-443 |
| | ) | |
| MR. APOLLO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. Section 1915A, on the Plaintiff's amended complaint (DE #7). For the reasons set forth below, the Court **GRANTS** the Plaintiff leave to proceed against Defendants for damages and injunctive relief on his Eighth and Fourteenth Amendment sanitation claims, and **DISMISSES**, pursuant to Section 1915A, any other claims.

BACKGROUND

Plaintiff, Anthony Garrett, is a prisoner confined at the Lake County Jail. The Defendants are Lake County Jail officials. Garrett alleges that the Defendants violated rights protected by the United States Constitution's Eighth and Fourteenth Amendments by subjecting him to unsanitary food trays, which he asserts poses a health hazard and has injured his health.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), district courts must review

the merits of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A court should assume the veracity of a complaint's allegations, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

In the context of *pro se* litigation, the Supreme Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). The Court further noted that a "document filed *pro se* is to be

2

liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (quotation omitted).

To state a valid cause of action under § 1983, a plaintiff must allege violation of rights secured by the Constitution or laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Garrett alleges that Lake County Jail officials violated rights protected by the Constitution's Eighth and Fourteenth Amendments. In addressing a claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the defendants' actions. *Graham v. Conner*, 490 U.S. 386, 394, (1989). The Fourteenth Amendment's due process clause protects pretrial detainees and the Eighth Amendment's cruel and unusual punishments clause protects the rights of those convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

Garrett alleges in his amended complaint that between April and September 2011 he was at the jail as a pretrial detainee, and from September 29, 2011 to the present he has been at the jail serving time on a conviction (DE #7, p. 1). But that does not

3

matter at the screening stage because "[a]lthough the Eighth Amendment only applies to convicted prisoners . . . the same standard applies to pretrial detainees under the Fourteenth Amendment's due process clause." *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

In his complaint, Garrett alleges that the food trays off which he is required to eat "are disgusting," that they have "left over food and dishwashing residue," and that the trays have "bubbled blotches in some areas and they have a very horrible smell where the bubbles have burst." (DE #7 at 3.) Garrett alleges that "the conditions of the food trays have made me sick, physically, I vomit a lot because of the filthy trays," and that he has "lost 15-20 pounds since I have been held here at the Lake County Jail." *Id.*

"Fed. R. Civ. P. 8 establishes a system of notice pleading." *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998). Giving Garrett the benefit of the inferences to which he is entitled, the

Court cannot say that he can prove no set of facts consistent with his sanitation claims under the provisions of the Eighth and Fourteenth Amendments.

CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff leave to proceed against Defendants Mr. Apollo and Mrs. Leto in their individual and official capacities for damages and injunctive relief on his Eighth and Fourteenth Amendment sanitation claims;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A, any other claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the Defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the Marshals Service to effect service of process on the Defendants on the Plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and amended complaint (DE #7).

**DATED: December 5, 2012**  /s/ RUDY LOZANO, Judge
**United States District Court**