# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ANTHONY GARRETT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:12-CV-443 |
| | ) | |
| MR. APOLLO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Set Aside Entry of Default, filed by Defendants, Mr. Apollo and Sergeant Leto (first names unknown), on September 20, 2013 (DE #40). For the reasons set forth below, the motion to set aside the entry of default (DE #40) is **GRANTED**. The entry of default (DE #30) is **HEREBY VACATED**. Additionally, Plaintiff's "Motion to Contest" (DE #38) and memorandum in support of damages for the motion for default judgment (DE #32) are **BOTH DENIED**. The Clerk is **DIRECTED** to docket the defendants' proposed answer (DE #40-1) as of the date of this order.

BACKGROUND

Anthony Garrett, Jr., a *pro se* prisoner, was granted leave to proceed on a claim that the defendants, Mr. Apollo and Sergeant Leto, subjected him to unsanitary food trays at the Lake County

Jail. (DE #9.) Defendants failed to timely respond to the complaint, and an entry of default was entered against them on June 21, 2013. (DE #30.) On August 22, 2013, Defendants appeared through counsel, and sought leave to file a motion to set aside the default. (DE ##34, 35.) That request was granted (DE #36), and Defendants have now filed the instant motion to set aside the default. (DE #40.)

DISCUSSION

To have an entry of default set aside, the defendant must show that he had good cause for his untimely appearance and that he acted in a timely fashion to have the default set aside. FED. R. CIV. P. 55(c); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). In addition to showing good cause, the defendant must also show that he has a meritorious defense to the plaintiff's claims. *Cracco*, 559 F.3d at 631. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). In determining whether these requirements are satisfied, the court must bear in mind that there is "a policy of favoring trial on the merits over default judgment." *Cracco*, 559 F.3d at 631. Furthermore, when only a

2

default rather than a default judgment has been entered, the above criteria is to be applied less stringently. *Jones*, 39 F.3d at 162.

Here, documents before the Court show that Plaintiff's complaint was sent by the U.S. Marshals Service to the central mail room at the jail, where an employee of the mail room signed for them on January 29, 2013. (DE ##22, 23.) However, for unknown reasons, the summonses were not properly forwarded to county counsel or to jail officials so that counsel could be assigned to the case. (DE #40 at 3.) The attorney for the Lake County Sheriff's Department first became aware of the suit on August 20, 2013, after a default had been entered. (*Id*.) He immediately took steps to retain an attorney to represent Defendants, and private counsel filed an appearance on their behalf the following day. (DE #34.) That same day, Defendants sought leave to file a motion to set aside the entry of default (DE #35), which was granted. (DE #36.) Defendants then filed their motion by the deadline. (DE ##36, 40.)

Based on the above, Defendants have established good cause for their untimely appearance, and the record shows that they moved promptly to appear in the case and to set aside the default once they became aware of the complaint. *See Cracco*, 559 F.3d at 631 (finding good cause where the defendant "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence"). Defendants assert a

number of meritorious defenses to the complaint, including that they did not have sufficient personal involvement in these events to be held liable under 42 U.S.C. § 1983, and that Garrett failed to properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). (DE #40 at 6.)

Garrett has filed a document labeled, "Motion to Contest," which appears to be an objection to the defendants' request that the entry of default be set aside. (DE #38.) He asserts that in failing to timely respond to the complaint Defendants have "mock[ed]" this Court. However, as explained above, Defendants' failure to respond was due to inadvertence, not due to any willful refusal on their part to participate in the litigation.

Garrett also expresses a preference that this case be concluded at once rather than litigated on the merits. (DE #38 at 1.) While the Court is not unsympathetic to his position, there is a federal policy in favor of litigation on the merits, rather than through entry of default judgment. *Cracco*, 559 F.3d at 631. Plaintiff has not identified any particularized prejudice he suffered as a result of the delay, and the docket reflects that he was transferred from the Lake County Jail three months before default was entered, such that he is no longer being subjected to the conditions of which he complains. (*See* DE #20.) Plaintiff also moves for default judgment of $110,000 to be entered in his favor immediately (DE #32), but because the Court finds cause to

4

set aside the entry of default, a default judgment is not warranted at this time.

Under these circumstances, and in the interest of justice, the motion to set aside the entry of default will be granted. The entry of default will be vacated. The Clerk will be directed to docket Defendants' proposed answer (DE #40-1), and further proceedings will be directed by the assigned Magistrate Judge.

CONCLUSION

For the reasons set forth above, the motion to set aside the entry of default (DE #40) is **GRANTED**. The entry of default (DE #30) is **HEREBY VACATED**. Additionally, Plaintiff's "Motion to Contest" (DE #38) and memorandum in support of damages for the motion for default judgment (DE #32) are **BOTH DENIED**. The Clerk is **DIRECTED** to docket the defendants' proposed answer (DE #40-1) as of the date of this order.

**DATED: October 28, 2013**     /s/ RUDY LOZANO, Judge
                                                    **United States District Court**