# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ANTHONY GARRETT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 2:12-CV-443 |
| ) | |
| MR. APOLLO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion for Summary Judgment, filed by Defendants, Mr. Apollo and Sgt. Leto, on December 16, 2013 (DE #46). Anthony Garrett, Jr., a *pro se* prisoner, is proceeding on a claim that he was housed under unsanitary conditions at the Lake County Jail. (DE #9.) The defendants move for summary judgment on the ground that Garrett did not properly exhaust his administrative remedies before filing suit. (DE #46.) For the reasons set forth below, the defendants' motion for summary judgment (DE #46) is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

BACKGROUND

Anthony Garrett, Jr. ("Garrett") was granted leave to proceed on a claim that while he was housed at the Lake County Jail ("the jail"), he was given food on trays that were excessively dirty,

causing him to become physically ill and lose weight. (DE #9.) The record shows that Garrett was incarcerated at the jail from September 28, 2012, to January 31, 2013. (DE #47-1, Leto Aff. ¶ 4.) At all relevant times, the jail had a grievance procedure in place for inmates to grieve their complaints and problems. (*Id.* at ¶¶ 5-6; DE 47-2, Inmate Handbook § XVI ("Grievance Policy").) The grievance process involves three steps: the initial step is to try to informally resolve the issue with staff; thereafter, the inmate must initiate the formal grievance process by submitting a written grievance to the deputy warden's office; the third and final step is an appeal directly to the Sheriff of Lake County. (DE #47-1, Leto Aff. ¶ 6; DE #47-2, Grievance Policy § XVI(A)-(B).) A record is kept of all inmate grievances, and those records reflect that during his time at the jail, Garrett did not file a formal grievance or appeal pertaining to food trays, or on any other matter. (DE #47-1, Leto Aff. ¶ 10.)

DISCUSSION

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not

2

every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion may not rely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Here, Garrett was given proper notice of the motion (DE #48), and his response was due on or before January 13, 2014. *See* N.D. IND. L. R. 56.1(b). That deadline passed well over 30 days ago and to date no response or objection to the motion has been received.[1] Pursuant to N.D. IND. LOCAL RULE 7-1(d)(4), a party's failure to file a response within the time prescribed may subject the motion to summary ruling. However, "[s]trict enforcement of [local rules and deadlines] does not mean that a party's failure to submit a timely

---

[1] Mail sent to Garrett by the Clerk was returned as undeliverable, with the notation that Garrett has been released from custody. (DE ##44, 45.) He has not provided the Clerk with an updated address, despite being notified of his obligation to do so when he filed this action. (*See* DE #7 at 6.)

filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.* The court still must "make the further finding that given the undisputed facts, summary judgment is proper as a matter of law." *Id.*

Under the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Id.* Therefore, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023.

As recounted above, the undisputed facts show that the jail had a grievance process in place at the time of these events, but Garrett failed to avail himself of that process. (DE #47-1, Leto

4

Aff. ¶¶ 5, 10; DE #47-2, Grievance Policy § XVI(A)-(B).) Therefore, he did not properly exhaust his administrative remedies before filing suit. *Pozo*, 286 F.3d at 1025. Accordingly, this action must be dismissed pursuant to 42 U.S.C. § 1997e(a). It is not clear that Garrett still has the ability to exhaust, but because it is possible jail staff might allow him to cure his omission, the dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

CONCLUSION

For the reasons set forth above, the defendants' motion for summary judgment (DE #46) is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

**DATED: February 18, 2014**  /s/ RUDY LOZANO, Judge
**United States District Court**